IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01225-WYD-MJW

KEITH SCHWARTZ,

    Plaintiff,

v.

BANK OF AMERICA, N.A.
BAC HOME LOANS SERVICING, LP
BILL WALLACE IN HIS CAPACITY AS
PUBLIC TRUSTEE, SUMMIT COUNTY, COLORADO

    Defendants.

---

**ORDER**

---

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment on its Counterclaim, filed November 29, 2010 [ECF No. 45], in which Defendant Bank of America, N.A ("Bank of America") seeks summary judgment on its counterclaim for breach of contract.

This case involves the attempted foreclosure of Plaintiff's property initiated by Defendant Bank of America on or about March 13, 2009, through the Public Trustee for Summit County, Colorado.  On May 11, 2010, Plaintiff filed the instant action in District Court for Summit County asserting numerous claims related to Defendant's conduct both before and during the foreclosure process.  On May 26, 2010, Defendant removed this case from Summit County District Court to this Court.  An Amended Complaint was filed on November 1, 2010.  Therein, Plaintiff alleged that he is the owner of certain real

property located in Silverthorne Colorado (the "Property"), and that Defendant Bank of America is the putative owner of a security interest in the Property by virtue of a Deed of Trust secured by a Promissory Note in the amount of $1,250,000.00, dated November 23, 2005, and recorded on November 29, 2005.  Plaintiff asserted nine separate claims for relief including claims for (1) wrongful foreclosure; (2) declaratory relief; (3) violation of the Colorado Fair Debt Collection Practices Act; (4) violation of the Real Estate Settlement Procedures Act; (5) misrepresentation; (6) negligent lending; (7) breach of contract; (8) promissory estoppel; and (9) outrageous conduct.  In addition, Defendant Bank of America asserted counterclaims for breach of contract and unjust enrichment.  By order dated March 28, 2011, I granted Defendant Bank of America's motion to dismiss all of Plaintiff's claims for relief.  Thus, the only claims remaining in this case are Defendant's counterclaims.

In its motion for summary judgment, Defendant Bank of America seeks summary judgment on its counterclaim for breach of contract.  Defendant asserts that on or about November 23, 2005, Plaintiff executed and delivered to Defendant Bank of America an Adjustable Rate Note (the "Promissory Note"), the terms of which required Plaintiff to make initial interest-only payments of $6,640.63 every month beginning on January 1, 2006, at an interest rate of 6.375%.  Defendant has attached a copy of the Promissory Note to its motion as Exhibit A-1.  Defendant further asserts that Plaintiff has been in default on the Promissory Note since January, 2008, and that the amount due on the Promissory Note as of December 20, 2010 is $1,523,805.56.  In addition to the balance of the note, Defendant seeks to recover all of its collection costs, including attorneys' fees, incurred in enforcing the terms of the note.

Plaintiff filed a verified response to the motion in which he admits to executing a promissory note on or about November 23, 2005, but denies executing and delivering to Bank of America the document attached to Defendant's motion at Exhibit A-1. Plaintiff does admit that he agreed to make monthly payments to Defendant Bank of America beginning January 1, 2006, and that his last payment was made on December 4, 2007. However, Plaintiff denies that he is in default under the Promissory Note and asserts that the Promissory Note attached to Defendant's motion is not authentic and was procured through fraud. Plaintiff also submits a statement of additional disputed facts, the vast majority of which are either conclusory in nature or irrelevant to the arguments presented in the instant motion, and none of which are supported by citation to evidence in the record.

II.   ANALYSIS

   A.   <u>Summary Judgment Standard</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be

resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

  B. <u>Whether Summary Judgment is Proper in this Case</u>

A party attempting to recover on a breach of contract claim must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In the case at hand, Defendant argues that Plaintiff cannot show the existence of a genuine fact as to the breach of his repayment obligations under the Promissory Note.

While it is a very close call, I find that upon review of Plaintiff's verified response, and excerpts from his deposition testimony attached to Defendant's reply in support of its motion, that genuine issues of material fact exist regarding whether Plaintiff signed the Promissory Note at issue. Many of the arguments raised by Plaintiff in his response are wholly irrelevant to whether he executed the Promissory Note at issue. However, he has alleged that the Promissory Note is not authentic based on Defendant's submission of two separate promissory notes during the course of this litigation, only one of which contains an endorsement by Bank of America. In addition, Plaintiff denies he signed either of the notes, and testified in his deposition that he does not recall signing the Promissory Note attached to Defendant's motion for summary judgment. During his deposition Plaintiff also denied signing any note that provides for an initial 6.375% interest rate, and testified that he recalls agreeing to a 4.5% interest rate. Finally, Plaintiff testified that he applied for a fully documented loan, and that Defendant

placed him a "stated income" loan, which he contends carried a higher interest rate than a fully documented loan. I must construe this evidence in the light most favorable to Plaintiff, and resolve all doubts in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d at 892.

Accordingly, I find that there are genuine issues of material fact regarding the existence of a contract between the parties, and that summary judgment is not proper on Defendant's counterclaim for breach of contract.

III.   CONCLUSION

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Defendant's Motion for Summary Judgment on its Counterclaim, filed November 29, 2010 [ECF No. 45] is **DENIED**.

Dated:   June 7, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge